Mark D. Rutter, SBN 58194
Kimberly Sarmiento, SBN 345641
CARPENTER, ROTHANS & DUMONT LLP
500 South Grand Ave, 19th Floor
Los Angeles, California 90071
T: 213-228-0400 / F: 213-228-0401
mrutter@crdlaw.com // ksarmiento@crdlaw.com

Attorneys for Defendant, City of Fountain Valley

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MCCLINTOCK; and VALERIE FLORES,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FOUNTAIN VALLEY; and DOES 1-10, inclusive,<br><br>Defendants. | 8:25-cv-01381-MRA-ADS<br>*Hon. Monica Ramirez Almadani*<br>*Hon. Autumn D. Spaeth, Magistrate*<br><br>**DEFENDANT CITY OF FOUNTAIN VALLEY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

COMES NOW DEFENDANT CITY OF FOUNTAIN VALLEY, a public entity, and for itself and no other, answering the plaintiffs' Complaint for Damages ("Complaint") on file herein, admits, denies and alleges as follows:

**ADMISSIONS AND DENIALS**

1.    In response to paragraphs 1, 2, 3 4, and 5 of the Complaint for Damages, this answering defendant states that these paragraphs contain characterizations of the Complaint to which no response is required.  To the extent that a response is required, this answering defendant denies the allegations except admit that this civil action is filed by Plaintiffs Sean McClintock and Valerie Flores and arises out of an officer-involved shooting incident involving Osean

1

McClintock and officers of the Fountain Valley Police Department.  Except as expressly admitted, this answering defendant denies the remaining allegations contained in these paragraphs.

2.    In response to paragraphs 6, 7, 8, 9, 10, 11 of the Complaint for Damages, this answering defendant states that these paragraphs include legal conclusions to which no response is required.  To the extent that a response is required, this answering defendants denies the allegations set forth therein, except admits that that the City of Fountain Valley is a duly organized public entity within the State of California and that the Fountain Valley Police Department is a department of the City of Fountain Valley.  Except as expressly admitted, this answering defendant denies the remaining allegations contained in these paragraphs.

3.    In response to paragraphs 12, 13 of the Complaint for Damages, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies those allegations.

4.    In response to paragraphs 14 and 15 of the Complaint for Damages, this answering defendant states that these paragraphs contain characterizations of the Complaint to which no response is required.  To the extent that a response is required, this answering defendant denies the allegations of these paragraphs of the Complaint, except admit that, based on the allegations in the Complaint, this Court has jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, and that venue is proper under 28 U.S.C. § 1391.  Except as expressly admitted, this answering defendant denies the remaining allegations contained in these paragraphs.

5.    In response to paragraphs 16, 24, 38, 46, 61, 67, and 72 of the Complaint for Damages, this answering defendant incorporates its admissions and denials to the paragraphs referenced therein.

DEFENDANT CITY OF FOUNTAIN VALLEY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

6. In response to paragraphs 17, 18, 19, 20, 21, 22, and 23 of the Complaint for Damages, this answering defendant denies the allegations contained therein, except admit that this litigation arises out of an officer-involved shooting incident involving Osean McClintock and officers of the Fountain Valley Police Department. Except as expressly admitted, this answering defendant denies the remaining allegations contained in these paragraphs.

7. In response to paragraphs 25, 26, 33, 34, 35, 39, 41, 43, 47, 48, 49, 53, 54, 55, 56, 57, 58, 62, 63, 64, 65, 69, 70, 75, 76, 77, 78, 79, 81, 82, and 83 of the Complaint for Damages, this answering defendant states that these paragraphs contain legal conclusions to which no response is required. To the extent a response is required, this answering defendant denies the allegations set forth therein.

8. In response to paragraphs 32, 36, 37, 40, 44, 45, 59, 60, 66, 71, 73, 74, 80, 84, and 85 of the Complaint for Damages, this answering defendant states that these paragraphs contain characterizations of the Complaint to which no response is required. To the extent a response is required, this answering defendant denies the allegations set forth therein.

9. In response to paragraphs 42 and 68 of the Complaint for Damages, this answering defendant denies the allegations set forth therein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to allege facts sufficient to state a claim upon which relief can be granted.

2. Plaintiffs lack standing.

3. Plaintiffs have failed to join necessary and indispensable parties and/or undertake the necessary legal actions to qualify as successors in interest to decedent's estate.

4. The conduct of the officers was objectively reasonable and did not interfere with, nor deny, plaintiffs' familial relations.

DEFENDANT CITY OF FOUNTAIN VALLEY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

5.     Any damages which resulted to the plaintiffs were caused by third parties whose acts were superseding and intervening to any cause relating to these answering defendants.

6.     Any recovery on the plaintiffs' Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the comparative fault of the decedent and others.

7.     Defendant is immune from liability herein because, at all times mentioned in the Complaint for Damages, officers conducted themselves reasonably, in good faith, and within all constitutional and statutory parameters pertaining to their actions as duly authorized police officers, and thus are entitled to qualified immunity from suit herein.

8.     Plaintiffs' decedent failed to exercise ordinary care, caution, and prudence for his own welfare so as to avoid the happening of the alleged injuries and thereby contributing thereto.  Plaintiffs' recovery is therefore barred to the degree of such contribution, comparative fault and/or negligence, including decedent's own criminal conduct.

9.     Plaintiffs have failed to state facts sufficient to constitute a cause of action against the City of Fountain Valley in accordance with <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).

10.     At the time of trial, defendants may elect to limit or diminish plaintiffs' alleged damages or losses as provided and authorized by Civil Code section 3333.1, Civil Code section 3333.2, and Code of Civil Procedure section 667.7.

11.     To the extent the Complaint for Damages seeks damages for any state tort claims, those claims are barred in that the plaintiffs have failed to properly comply with the provisions of the California Tort Claims Act in the filing of an appropriate claim with a public entity prior to the initiation of the lawsuit, pursuant to the provisions of Government Code sections 900, 901, 910, and 911.2;

4

DEFENDANT CITY OF FOUNTAIN VALLEY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

furthermore, the Tort Claim(s) submitted does not authorize the various state torts set forth in the plaintiffs' Complaint for Damages.

12.    Plaintiffs' decedent assumed the risk of injury for his actions and the results thereof and his actions.

13.    Probable cause, reasonable suspicion and/or a good faith belief of the same existed for the arrest, detention, search, seizure and/or investigation of decedent throughout the incident and events referred to in the Complaint.

14.    The defendant is immune from liability by the application of one or more of the immunities set forth in the California Government Code, including the immunities set forth in sections 815, 815.2, 815.4, 815.6, 818.2, 818.4, 818.6, 818.8, 820, 820.2, 820.25, 820.4, 820.6, 820.8, 821, 821.6, 821.8, 822.2, 845, 845.6, 855.6, 855.8, and 856; Civil Code sections 43.55, 47, and 3333.3; Penal Code sections 243, 834, 835, 835a, 836, and 836.5; and Welfare & Institutions Code section 5150, *et seq.*, including section 5278.

15.    The City of Fountain Valley is immune from the imposition of punitive damages under 42 U.S.C. § 1983 and California Government Code section 818.8 and the acts of any employee or agent of defendant, including its officers, were not malicious.

16.    The acts complained of by the plaintiffs were provoked by the decedent in that the decedent failed to comply with the lawful orders of law enforcement.

17.    Any recovery on the plaintiffs' Complaint for Damages, or any purported claim or cause of action alleged therein, is barred in whole or in part by the decedent's own conduct which violated numerous provisions of the California Penal Code and, as such, was negligent per se.

18.    In doing the acts alleged in plaintiffs' Complaint for Damages, officers were acting in self-defense, defense of others, to prevent escape, or to overcome resistance.

19.    Plaintiffs' action is barred by the doctrines of res judicata and/or collateral estoppel.

20.    The plaintiffs and/or plaintiffs' decedent consented to the acts and conduct of the Fountain Valley Police Department officers involved in the subject incident.

21.    Plaintiffs' claims are barred by superseding or intervening causes.

22.    Any recovery on the plaintiffs' Complaint for Damages, or any purported claim or cause of action alleged therein, is barred in whole or in part by the plaintiffs' failure to mitigate their damages.

23.    Plaintiffs' action is barred by the applicable statute of limitations.

24.    The conduct of officers at the time of the incidents and events referred to in the Complaint for Damages was privileged under California law.

25.    Plaintiffs' action is barred by the doctrines of waiver, laches, estoppel and unclean hands.

This answering defendant reserves the right to amend this Answer to include additional affirmative defenses that may become known.

Wherefore, this answering defendant prays for relief as follows:

1.    That plaintiffs take nothing by their Complaint for Damages herein;

2.    That this answering defendant recover the costs of suit incurred herein.

3.    That this answering defendant recover its reasonable attorney's fees incurred herein.

4.    That the Court award such other and further relief as it deems just and proper.

///

///

DEFENDANT CITY OF FOUNTAIN VALLEY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

DATED: July 30, 2025          CARPENTER, ROTHANS & DUMONT LLP

By:    /s/ *Kimberly Sarmiento*
        Mark D. Rutter, Esq.
        Kimberly Sarmiento, Esq.
        Attorneys for Defendant,
        City of Fountain Valley

DEFENDANT CITY OF FOUNTAIN VALLEY'S ANSWER TO PLAINTIFFS' COMPLAINT
FOR DAMAGES; DEMAND FOR JURY TRIAL

# **DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1, this answering defendant hereby demands a jury trial as provided in Rule 38(b) of the Federal Rules of Civil Procedure.


DATED: July 30, 2025          CARPENTER, ROTHANS & DUMONT LLP

By:     /s/ *Kimberly Sarmiento*
        Mark D. Rutter, Esq.
        Kimberly Sarmiento, Esq.
        Attorneys for Defendant,
        City of Fountain Valley

DEFENDANT CITY OF FOUNTAIN VALLEY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL