LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MCCLINTOCK, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF FOUNTAIN VALLEY; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 8:25-cv-01381-MRA-ADS <br> [Honorable Monica Ramirez Almadani] <br><br> **JOINT RULE 26 SCHEDULING CONFERENCE REPORT** <br><br> Date:              September 29, 2025 <br> Time:             1:30 a.m. <br> Courtroom:     9B <br><br> Original Complaint <br> Filed:              June 26, 2025 <br><br> Answer to Complaint <br> Filed:              July 30, 2025 <br><br> Final Pretrial Conference <br> (Proposed):     September 28, 2026 |

- 1 -

_____
**JOINT RULE 26 SCHEDULING CONFERENCE REPORT**

**COME NOW ALL THE PARTIES JOINTLY AND STATE AS FOLLOWS**: The parties herewith submit this joint scheduling conference report joined by all the parties pursuant to F.R.C.P. Rule 26 and the Court's Order (Doc. 16).

1. **Statement of the Case**

**PER PLAINTIFF:** On January 23, 2025, Osean McClintock, Decedent, was near San Mateo Street and El Corazon Avenue in Fountain Valley. While at this location, the involved City of Fountain Valley police officer discharged his firearm at Decedent, striking him, causing serious physical injury and eventually killing him. Decedent never pointed a gun at anyone, he did not shoot or seriously physically injure anyone during this incident, nor did he attempt to do so. Moreover, Decedent never punched or attempted to strike any of the involved officers and the involved officers had no information that anyone had been seriously physically injured. Decedent suffered from a serious pre-existing medical condition and was probably having a mental health crisis during the incident. It should have been apparent to an objectively reasonable officer, that Decedent that may have been experiencing a mental health crisis prior to the shooting. There were less than lethal alternatives to using deadly force against Decedent, such as a taser, pepper spray or utilizing cover if they believed Decedent was armed, which were available to the involved officers. Decedent did not pose an immediate or imminent threat of death or serious physical injury to either the involved officers or any other person at the time of the shooting. Decedent was not about to kill or cause serious bodily injury to anyone when he was fatally shot by the involved officers.

Plaintiffs' main claims are for excessive and unreasonable use of deadly force under both the Fourth Amendment and state law battery. Plaintiffs also bring claims for negligence, including pre-shooting negligent tactics, actions and inactions and

for interference with familial relationship under the Fourteenth Amendment and violation of the Bane Act under state law.

**PER DEFENDANTS:**

This civil action arises out of an officer-involved shooting incident that occurred on January 23, 2025, between Decedent Osean McClintock and officers with the Fountain Valley Police Department ("FVPD"). Officers responded to a call reporting a man who was attempting to aggressively open the vehicle door of a woman who had just picked up her children from Masuda Middle School. When an officer tried to calmly detain Decedent, Decedent became physically combative and fled the area. After a foot pursuit, he confronted a female responding officer, who had just returned from maternity leave after having her first child, and gained control of the officer's duty firearm by wrestling it from her hands and pulling her from the driver's seat of her patrol vehicle.

Decedent pointed the gun at the female officer, who pleaded with him to not shoot her, while another officer issued multiple commands to Decedent to put the gun down, which Decedent ignored. Decedent then attempted to flee the scene, still armed with her duty weapon, by getting into the driver's seat of the female officer's patrol vehicle. Perceiving that Decedent posed an imminent threat of great bodily injury or death—where he could easily continue using the duty weapon, any other firearms and/or devices stored within the patrol vehicle, or the patrol vehicle itself as a deadly weapon—the officer fired his service gun at the patrol vehicle.

Plaintiffs are Decedent's parents, who assert claims under Section 1983 and related state law, predicated on their contention that the officer's use of force was objectively unreasonable.

## 2. Subject Matter Jurisdiction

This is a civil rights lawsuit pursuant to 42 U.S.C. § 1983, which raises both federal questions under the Fourth and Fourteenth Amendments of the United States Constitution and supplemental jurisdiction is based on the pendant state law issues stemming from the same nucleus of operative fact.

## 3. Legal Issues

**PER PLAINTIFFS:** The legal issues are whether the use of deadly force against Decedent was excessive and unreasonable, and whether the involved officers were negligent in their interaction with Decedent, including negligent pre-shooting tactics. Another legal issue is whether the involved officers were on notice, or should have been on notice, that they were dealing with a mentally ill individual who was suffering from a mental health crises, prior to using deadly force against him. Another issue is going to be the nature and extent of the damages, including damages for pain and suffering, loss of enjoyment of life and wrongful death damages.

**PER DEFENDANTS:**

The legal issues in this matter include as follows: (1) whether the officer's use of force was objectively unreasonable; (2) whether the officers employed negligent tactics leading up to the shooting; (3) whether the officers are entitled to qualified immunity and state law immunities; (4) whether the officers acted with a purpose to harm Decedent that interfered with Plaintiffs' familial relationships with the decedent; (5) whether the officers acted with a specific intent to violate Decedent's constitutional rights; (6) whether the City of Fountain Valley had unconstitutional customs, practices, or policies or inadequate training policies that led to a violation of Decedent's and/or Plaintiffs' constitutional rights, etc.

**4. Parties, Evidence, etc.**

The parties are Plaintiffs Sean Mcclintock and Valorie Flores. Defendants are City of Foutain Valley and Does 1-10.

The key documents on the main issues in the case are videos of the incident, including body cam videos, dash cam videos and surveillance video from the nearby businesses, photos of the scene, involved officers' interviews, witness interviews, photos of Decedent's injuries, autopsy report, autopsy photos, Decedent's medical records, including EMS and fire department records.

**5. Damages**

**PER PLAINTIFFS:** Plaintiffs believe that a realistic range of provable damages is in excess of $1,000,000, which includes both wrongful death damages and survival damages, such as pain and suffering damages prior to death, and loss of enjoyment of life.

**PER DEFENDANTS:**

At this early stage, Defendants have limited information concerning Plaintiffs' damage claims and require discovery to explore the nature and extent of their injuries. Defendants are informed and believed that Decedent harbored suicidal ideations and purposely precipitated the incidents and events underlying this litigation as means to commit suicide by cop.

**6. Insurance**

None on behalf of Plaintiffs.

Defendant City is permissibly self-insured up to certain limited pursuant to California Government Code Section 990.

**7. Motions**

**PER PLAINTIFFFS:** Plaintiffs will seek to amend the complaint to add the shooting officer(s) as named defendants.

_____
**JOINT RULE 26 SCHEDULING CONFERENCE REPORT**

Dispositive Motions- Plaintiffs do not anticipate filing a dispositive motion and do not believe that any issues or claims can be decided by dispositive motion.

Defendants intend to file discovery motions, as necessary, a motion for summary judgment, or in the alternative, summary adjudication of the issues, and pretrial motions.

**8.     Manual of Complex Litigation**

The parties agree that this is not a complex case and it does not require any parts or procedures of the Manual for Complex Litigation pursuant Local Rule 26-1 (a).

**9.     Discovery**

**(a)** The parties will be exchanging initial disclosures on or before September 29, 2025.  No other discovery has been propounded to date.

**(b-d) Discovery Plan/Discovery Cut-off/Expert Discovery**

| | | |
|---|---|---|
| (1) | Initial Disclosures: | September 29, 2025 |
| (2) | Non-Expert Discovery Cut-off: | April 13, 2026; |
| (2) | Initial Expert Disclosure: | May 4, 2026; |
| (3) | Rebuttal Expert Disclosure: | June 1, 2026; |
| (4) | Expert Witness Discovery Cut-off | June 22, 2026 |

The parties do not propose any changes to limitations on discovery and Plaintiffs will stipulate to a protective order regarding the investigation materials.

**(e)** Settlement Conference/Alternative Dispute Resolution (ADR)

No settlement negotiations have occurred to date.  The parties prefer the Court Mediation Panel and have agreed to panel mediator, Richard Copeland.

**(f)     Trial**

i.     **Trial Estimate.**  Plaintiffs estimate 5-7 trial days and trial will be by jury.

Plaintiffs estimate calling approximately 7 witnesses at trial.

    **ii.**  **Jury Trial.**  The parties request a trial by jury.

    **iii.**  **Consent to Trial Before a Magistrate Judge**.  The parties do not consent to try the case before a magistrate judge.

    **iv.**  **Lead Trial Counsel**.  Plaintiffs' lead trial counsel is Dale K. Galipo and second chair is Eric Valenzuela.  Defense lead counsel is Mark D. Rutter, and second chair is Kimberly Sarmiento.

  **(g)**  **Independent Expert or Master**.  The parties agree that this is not a case that requires appointing an independent expert or master.

  **(h)**  **Other Issues**.  None on behalf of the Plaintiffs.

  The parties do not propose any severance, bifurcation, or other ordering of proof at this time.

DATED: September 8, 2025   LAW OFFICES OF DALE K. GALIPO

            By_____/s/ Eric Valenzuela_____
              Dale K. Galipo
              Eric Valenzuela
              Attorneys for Plaintiffs

Dated: September 8, 2025

            By:
              /s/ Kimberly Sarmiento
              MARK D. RUTTER
              KIMBERLY SARMIENTO
              Attorneys for Defendants