LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MCCLINTOCK; and VALORIE FLORES,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FOUNTAIN VALLEY; OFFICER BENJAMIN OSORIO; and DOES 2-10, inclusive,<br><br>Defendants. | Case No. 8:25-cv-01381-MRA-ADS<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>3. Substantive Due Process (42 U.S.C. § 1983)<br>4. Battery (Wrongful Death and Survival Damages)<br>5. Negligence (Wrongful Death and Survival Damages)<br>6. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

1. Plaintiffs SEAN MCCLINTOCK and VALORIE FLORES for their complaint against Defendants CITY OF FOUNTAIN VALLEY; OFFICER BENJAMIN OSORIO; and Does 2-10, inclusive, allege as follows:

## INTRODUCTION

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under state law and the United States Constitution in connection with the fatal officer involved shooting of Osean McClintock ("DECEDENT"), by members of the Fountain Valley Police Department ("FPD").

## PARTIES

3. At all relevant times, Osean McClintock ("DECEDENT"), was an individual residing in the County of Orange, California.

4. Plaintiff SEAN MCCLINTOCK is an individual residing in the County of Orange and was the father of the DECEDENT. SEAN MCCLINTOCK sues both in his individual capacity as the father of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. Plaintiff SEAN MCCLINTOCK seeks both survival damages, including DECEDENT's pain and suffering and loss of enjoyment of life and wrongful death damages under state and federal law.

5. Plaintiff VALORIE FLORES is an individual residing in the County of Orange, California, and is the mother of DECEDENT. VALORIE FLORES sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. VALORIE FLORES seeks both survival and wrongful death damages under federal and state law.

6. At all relevant times, Defendant CITY OF FOUNTAIN VALLEY ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants OFFICER BENJAMIN OSORIO and DOE 2, who were CITY police officers, DOES 3-4, who were CITY police officers' supervisorial officers, and DOES 5-10, who were managerial, supervisorial, and policymaking employees of

the CITY's police department. On information and belief, at all relevant times, OFFICER BENJAMIN OSORIO and DOES 2-10 were residents of the County of Orange, California. OFFICER BENJAMIN OSORIO and DOES 2-10 are sued in their individual capacity for damages only.

7. At all relevant times, Defendants OFFICER BENJAMIN OSORIO and DOES 2-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

8. At all relevant times, Defendants OFFICER BENJAMIN OSORIO and DOES 2-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

9. In doing the acts and failing and omitting to act as hereinafter described, Defendants OFFICER BENJAMIN OSORIO and DOES 2-10 were acting on the implied and actual permission and consent of CITY.

10. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

11. The true names of defendants DOES 2 through 10, inclusive, are unknown to PLAINTIFFS, who therefore sue these defendants by such fictitious names. PLAINTIFFS will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

12. On April 21, 2025, PLAINTIFFS served their claims for damages with CITY pursuant to applicable sections of the California Government Code.

13. On April 23, 2025, CITY rejected PLAINTIFFS' claims for damages.

## JURISDICTION AND VENUE

14. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Orange, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17. On January 24, 2025, DECEDENT was near San Mateo Street and El Corazon Avenue in Fountain Valley. While at this location, Defendant BENJAMIN OSORIO discharged his firearms at DECEDENT, striking him, causing serious physical injury and eventually killing him.

18. DECEDENT did not shoot or seriously physically injure anyone during this incident, nor did he attempt to do so. Moreover, Defendant OFFICER BENJAMIN OSORIO and other involved officers had no information that anyone had been seriously physically injured.

19. DECEDENT suffered from a serious pre-existing medical condition and was probably having a mental health crisis during the incident. It should have been apparent to an objectively reasonable officer, that DECEDENT that may have been experiencing a mental health crisis prior to the shooting.

20. On information and belief, there were less than lethal alternatives to using deadly force against DECEDENT, such as a taser, pepper spray or utilizing cover if

they believed DECEDENT was armed, which were available to Defendant OFFICER BENJAMIN OSORIO and other involved officers.

21. DECEDENT did not pose an immediate or imminent threat of death or serious physical injury to either Defendant OFFICER BENJAMIN OSORIO and other involved officers or any other person at the time of the shooting.

22. On information and belief, DECEDENT was not about to kill or cause serious bodily injury to anyone when he was fatally shot by Defendant OFFICER BENJAMIN OSORIO and DECEDENT never attempted to disarm or grab any of the officers' weapons. The conduct of DECEDENT was not immediately life threatening, making the use of deadly force against him unnecessary.

23. On information and belief, after shooting DECEDENT, Defendant OFFICER BENJAMIN OSORIO and other involved officers waited for a significant amount of time before approaching DECEDENT and providing and/or summonsing medical attention for DECEDENT, despite DECEDENT visibly bleeding profusely from his injuries. Defendant OFFICER BENJAMIN OSORIO and other involved officers did not provide timely medical care to DECEDENT, they did not timely summon medical assistance for DECEDENT, and/or they prevented medical assistance from being timely provided to DECEDENT.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(against Defendant Offficer Benjamin Osorio and Doe 2)

24. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25. Defendant OFFICER BENJAMIN OSORIO'S unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment

to the United States Constitution and applied to state actors by the Fourteenth Amendment.

26. The unreasonable use of force by Defendant OFFICER BENJAMIN OSORIO deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. This unreasonable and excessive use of force includes fatally shooting DECEDENT who was displaying apparent signs of possibly suffering from a mental health crisis. There were also several less than lethal alternatives such as tasers and pepper spray, maintaining cover and distance from DECEDENT and tactically re-positioning themselves.

27. As a result, DECEDENT suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

28. As a result of the conduct of Defendant OFFICER BENJAMIN OSORIO and other involved officers, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

29. This use of deadly force was excessive and unreasonable under the circumstances since DECEDENT did not pose an immediate threat of death or serious bodily injury at the time of the shooting. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

30. The conduct of Defendant OFFICER BENJAMIN OSORIO and other involved officers was willful, wanton, malicious, and done with reckless disregard

for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the involved officers.

31. Plaintiffs bring this claim as successor-in-interest to the DECEDENT, and seek both survival damages, including DECEDENT's pain and suffering and loss of life/enjoyment of life and wrongful death damages for the violation of DECEDENT's rights.

32. Plaintiffs also seek attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendant Officer Benjamin Osorio and Doe2)

33. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

34. The denial of medical care by Defendant OFFICER BENJAMIN OSORIO and Doe 2 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35. As a result, DECEDENT suffered extreme mental and physical pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

36. Defendant OFFICER BENJAMIN OSORIO and Doe 2 knew that failure to provide timely medical treatment to DECEDENT could result in further

significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

37. After shooting DECEDENT multiple times, OFFICE BENJAMIN OSORIO and DOE2 did not timely summon medical attention for DECEDENT, who was bleeding profusely and had obvious serious injuries. OFFICER BENJAMIN OSORIO and DOE2 also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to DECEDENT.

38. The conduct of OFFICER BENJAMIN OSORIO and Doe2 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant OFFICER BENJAMIN OSORIO and Doe2.

39. Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

40. Plaintiffs also seek attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By All Plaintiffs Against Defendant Officer Benjamin Osorio and DOE2)

41. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

42. SEAN MCCLINTOCK had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his son, DECEDENT.

43. VALORIE FLORES had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

44. As a result of the excessive force by OFFICER BENJAMIN OSORIO and DOE2, and their failure to intervene, DECEDENT died. Plaintiffs SEAN MCCLINTOCK and VALORIE FLORES were thereby deprived of their constitutional right of familial relationship with DECEDENT.

45. OFFICER BENJAMIN OSORIO and Doe2, acting under color of state law, thus violated the Fourteenth Amendment rights of SEAN MCCLINTOCK and VALORIE FLORES to be free from unwarranted interference with their familial relationship with DECEDENT.

46. The aforementioned actions of OFFICER BENJAMIN OSOIRO and DOE2, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs SEAN MCCLINTOCK and VALORIE FLORES and with purpose to harm unrelated to any legitimate law enforcement objective.

47. Defendants OFFICER BENJAMIN OSORIO and DOE2, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

48. As a direct and proximate cause of the acts of OFFICER BENJAMIN OSORIO and DOE2, DECEDENT experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses.

49. As a result of the conduct of OFFICER BENJAMIN OSORIO and Doe2, they are liable for DECEDENT'S injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

50. The conduct of OFFICER BENJAMIN OSORIO and DOE2 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants OFFICER BENJAMIN OSORIO and DOE2.

51. Plaintiffs brings this claim individually and seek wrongful death damages for the violation of Plaintiffs' rights.

52. Plaintiffs also seek attorney fees under this claim.

## FOURTH CLAIM FOR RELIEF
### Battery (Cal. Govt. Code § 820)
(Survival and Wrongful Death)
(Against Defendants Officer Benjamin Osorio and DOE2 and CITY)

53. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54. OFFICER BENJAMIN OSORIO and DOE2, while working as police officers for the CITY's police department, and while acting within the course and scope of their duties, intentionally shot DECEDENT. As a result of the actions of OFFICER BENJAMIN OSORIO and DOE2, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity. OFFICER BENJAMIN OSORIO and DOE2 had no legal justification for using force against DECEDENT and said defendants' use of force while carrying out their police officer duties was an unreasonable use of force. On information and belief, the involved officers saw DECEDENT displaying apparent signs of suffering from a

possible mental health crisis prior to the shooting. Further, DECEDENT never seriously physically injured another person during the incident, nor did he attempt to do so, and there were several less than lethal alternatives to using deadly force against DECEDENT.

55. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of the DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

56. CITY is vicariously liable for the wrongful acts of OFFICER BENJAMIN OSORIO and DOE2 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

57. The conduct of OFFICER BENJAMIN OSORIO and DOE2 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages.

58. Plaintiffs bring this claim both individually and as a successors-in-interest to DECEDENT, and seek both survival damages, including pre-death pain and suffering, loss of life/enjoyment of life and wrongful death damages under this claim.

# FIFTH CLAIM FOR RELIEF
**Negligence (Cal. Govt. Code § 820)**
(Survival and Wrongful Death)
(Against All Defendants)

59. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

60. The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c) the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d) the failure to recognize that DECEDENT was possibly suffering from a mental health crisis;

(d) failure to properly lock Defendant's patrol cruiser;

(e) the failure to use less than lethal alternatives to deadly force that were readily available to the involved officers;

(e) the failure to summons and provide prompt medical care to Decedent;

(f) the failure to properly train and supervise employees, both professional and non-professional, including Officer Benjamin Osorio and DOE2;

(g) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT; and

-12-

COMPLAINT FOR DAMAGES

(h)   the negligent handling of evidence and witnesses.

61.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Further, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also is claiming funeral and burial expenses and loss of financial support.

62.   CITY is vicariously liable for the wrongful acts of OFFICER BENJAMIN OSORIO and DOE2 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

63.   Plaintiffs bring this claim both individually and as successor in interest to DECEDENT and seek both wrongful death damages and survival damages under this claim, including pre-death pain and suffering.

## SIXTH CLAIM FOR RELIEF

**Violation of Bane Act (Cal. Civil Code § 52.1)**

(Against Officer Benjamin Osorio and Does 2-4 and City)

64.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

65.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

66. Conduct that violates the Fourth Amendment can also amount to conduct that violates the California Bane Act. The involved officers' conduct, including the use of deadly force, constitutes threatening and intimidating behavior, meant to prevent DECEDENT from exercising both his federal and state rights.

67. Defendants OFFICER BENJAMIN OSORIO and DOE2's use of deadly force was excessive and unreasonable under the circumstances. Further, DECEDENT never seriously physically injured anyone during the incident. Further, DECEDENT did not pose an imminent threat of death or serious bodily injury towards anyone when he was fatally shot and there were less than lethal alternatives available which were not utilized before resorting to the use of deadly force. DECEDENT was also displaying apparent signs of suffering from a mental health crisis, Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures and to be free from having unreasonable and excessive force used against him. Defendants' actions violated DECEDENT's state and federal rights, including the right to be free from the use of excessive and unreasonable force. Further, the involved officers acted with a reckless disregard of constitutional and statutory rights of the DECEDENT, including the right to be free from having unreasonable and excessive deadly force used against him.

68. The involved officers intentionally used excessive and unreasonable deadly force against DECEDENT by recklessly disregarding the DECEDENT's right to be free from excessive force.

69. DOES 1-2, while working as police officers for the CITY's police department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

70. On information and belief, DECEDENT reasonably believed that if he exercised his rights, including his federal civil rights and state law rights, OFFICER BENJAMIN OSORIO and DOE2 would commit acts involving violence, threats, coercion, or intimidation against him.

71. On information and belief Defendant OFFICER BENJAMIN OSORIO and DOE2 injured DECEDENT to prevent him from exercising his rights or retaliated against Decedent for having exercised his rights.

72. DECEDENT was caused to suffer extreme pain and suffering and eventually suffered a loss of life and of earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

73. The conduct of OFFICER BENJAMIN OSORIO and DOE2 was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

74. CITY is vicariously liable for the wrongful acts of OFFICER BENJAMIN OSORIO and DOE2 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

75. The conduct of OFFICER BENJAMIN OSORIO and DOE2 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT entitling Plaintiffs to an award of exemplary and punitive damages.

76. Plaintiffs bring this claim in a representative capacity as the successors-in-interest to DECEDENT, and seek survival damages, including for pre-death pain

and suffering and loss of life/enjoyment of life for the violation of DECEDENT's rights.

77. The Plaintiffs also seek statutory attorney's fees under this claim, including a multiplier as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in her favor and against Defendants City of Fountain Valley; Officer Benjamin Osorio and Does 2-10, inclusive, as follows:

- A. For compensatory damages, including both survival damages, including pain and suffering and loss of life/enjoyment of life and wrongful death damages under state law and federal law, in the amount to be proven at trial;
- B. For funeral and burial expenses and loss of financial support;
- C. For punitive damages against the individual defendants in an amount to be proven at trial;
- D. For interest;
- E. For treble damages under Civil Code Section 52.1.
- F. For reasonable costs of this suit and attorneys' fees; and
- G. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: March 9, 2026                LAW OFFICES OF DALE K. GALIPO

By  /s/ Eric Valenzuela
    Dale K. Galipo
    Eric Valenzuela
    Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: March 9, 2026        LAW OFFICES OF DALE K. GALIPO

By  */s/ Eric Valenzuela*
    Dale K. Galipo
    Eric Valenzuela
    Attorneys for Plaintiffs