Mark D. Rutter, SBN 58194
Scott J. Carpenter, SBN 253339
CARPENTER, ROTHANS & DUMONT
500 South Grand Ave, 19th Floor
Los Angeles, California 90071
T: 213-228-0400 / F: 213-228-0401
mrutter@crdlaw.com // scarpenter@crdlaw.com

Attorneys for Defendant, City of Fountain Valley, and Officer Benjamin Osorio

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SEAN MCCLINTOCK; and
VALERIE FLORES,

          Plaintiffs,

      vs.

CITY OF FOUNTAIN VALLEY;
OFFICER BENJAMIN OSORIO;
and DOES 2-10, inclusive,

          Defendants.

8:25-cv-01381-MRA-ADS
*Hon. Monica Ramirez Almadani*
*Hon. Autumn D. Spaeth, Magistrate*

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

COME NOW DEFENDANTS CITY OF FOUNTAIN VALLEY, a public entity, and OFFICER BENJAMIN OSORIO, a public employee, for themselves and no other, answering the plaintiffs' First Amended Complaint for Damages ("FAC") on file herein, admit, deny, and allege as follows:

## ADMISSIONS AND DENIALS

1. In response to paragraphs 1, 2, 3, 4, and 5 of the FAC, these answering defendants state that these paragraphs contain characterizations of the FAC to which no response is required. To the extent that a response is required, these answering defendants denies the allegations except admit that this civil action is filed by Plaintiffs Sean McClintock and Valerie Flores and arises out of

1

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

an officer-involved shooting incident involving Osean McClintock and officers of the Fountain Valley Police Department.  Except as expressly admitted, these answering defendants deny the remaining allegations contained in these paragraphs.

2.      In response to paragraphs 6, 7, 8, 9, 10, and 11 of the FAC, these answering defendants state that these paragraphs include legal conclusions to which no response is required.  To the extent that a response is required, these answering defendants deny the allegations set forth therein, except admit that that the City of Fountain Valley is a duly organized public entity within the State of California and that the Fountain Valley Police Department is a department of the City of Fountain Valley.  Except as expressly admitted, these answering defendants deny the remaining allegations contained in these paragraphs.

3.      In response to paragraphs 12, 13 of the FAC, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, deny those allegations.

4.      In response to paragraphs 14 and 15 of the FAC, these answering defendants state that these paragraphs contain characterizations of the FAC to which no response is required.  To the extent that a response is required, these answering defendants denies the allegations of these paragraphs of the FAC, except admit that, based on the allegations in the FAC, this Court has jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, and that venue is proper under 28 U.S.C. § 1391.  Except as expressly admitted, these answering defendants deny the remaining allegations contained in these paragraphs.

5.      In response to paragraphs 16, 24, 33, 41, 53, 59, and 64 of the FAC, these answering defendants incorporates its admissions and denials to the paragraphs referenced therein.

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

6.    In response to paragraphs 17, 18, 19, 20, 21, 22, and 23 of the FAC, these answering defendants denies the allegations contained therein, except admit that this litigation arises out of an officer-involved shooting incident involving officers of the Fountain Valley Police Department.  Except as expressly admitted, these answering defendants deny the remaining allegations contained in these paragraphs.

7.    In response to paragraphs 25, 26, 28, 29, 30, 34, 35, 36, 38, 42, 43, 44, 45, 46, 47, 48, 49, 50, 54, 55, 56, 57, 61, 62, 67, 68, 69, 70, 71, 73, 74, and 75 of the FAC, these answering defendants states that these paragraphs contain legal conclusions to which no response is required.  To the extent a response is required, these answering defendants deny the allegations set forth therein.

8.    In response to paragraphs 22, 26, 27, 30, 31, 32, 39, 40, 51, 52, 58, 63, 65, 66, 72, 76, and 77 of the FAC, these answering defendants state that these paragraphs contain characterizations of the FAC to which no response is required. To the extent a response is required, these answering defendants deny the allegations set forth therein.

9.    In response to paragraphs 37 and 60 of the FAC, these answering defendants deny the allegations set forth therein.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs have failed to allege facts sufficient to state a claim upon which relief can be granted.

2.    Plaintiffs lack standing.

3.    Plaintiffs have failed to join necessary and indispensable parties and/or undertake the necessary legal actions to qualify as successors in interest to decedent's estate.

4.    The conduct of the officers was objectively reasonable and did not interfere with, nor deny, plaintiffs' familial relations.

5.    Any damages which resulted to the plaintiffs were caused by third

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

parties whose acts were superseding and intervening to any cause relating to these answering defendants.

6.     Any recovery on the plaintiffs' FAC, or any purported claim or cause of action alleged therein, is barred in whole or in part by the comparative fault of the decedent and others.

7.     Defendant is immune from liability herein because, at all times mentioned in the FAC, officers conducted themselves reasonably, in good faith, and within all constitutional and statutory parameters pertaining to their actions as duly authorized police officers, and thus are entitled to qualified immunity from suit herein.

8.     Plaintiffs' decedent failed to exercise ordinary care, caution, and prudence for his own welfare so as to avoid the happening of the alleged injuries and thereby contributing thereto.  Plaintiffs' recovery is therefore barred to the degree of such contribution, comparative fault and/or negligence, including decedent's own criminal conduct.

9.     Plaintiffs have failed to state facts sufficient to constitute a cause of action against the City of Fountain Valley in accordance with Monell v. Department of Social Services, 436 U.S. 658 (1978).

10.     At the time of trial, defendants may elect to limit or diminish plaintiffs' alleged damages or losses as provided and authorized by Civil Code section 3333.1, Civil Code section 3333.2, and Code of Civil Procedure section 667.7.

11.     To the extent the FAC seeks damages for any state tort claims, those claims are barred in that the plaintiffs have failed to properly comply with the provisions of the California Tort Claims Act in the filing of an appropriate claim with a public entity prior to the initiation of the lawsuit, pursuant to the provisions of Government Code sections 900, 901, 910, and 911.2; furthermore, the Tort Claim(s) submitted does not authorize the various state torts set forth in the

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

plaintiffs' FAC.

12. Plaintiffs' decedent assumed the risk of injury for his actions and the results thereof and his actions.

13. Probable cause, reasonable suspicion and/or a good faith belief of the same existed for the arrest, detention, search, seizure and/or investigation of decedent throughout the incident and events referred to in the FAC.

14. The defendants are immune from liability by the application of one or more of the immunities set forth in the California Government Code, including the immunities set forth in sections 815, 815.2, 815.4, 815.6, 818.2, 818.4, 818.6, 818.8, 820, 820.2, 820.25, 820.4, 820.6, 820.8, 821, 821.6, 821.8, 822.2, 845, 845.6, 855.6, 855.8, and 856; Civil Code sections 43.55, 47, and 3333.3; Penal Code sections 243, 834, 835, 835a, 836, and 836.5; and Welfare & Institutions Code section 5150, *et seq.*, including section 5278.

15. Defendants immune from the imposition of punitive damages under 42 U.S.C. § 1983 and California Government Code section 818.8 and the acts of any employee or agent of defendant, including its officers, were not malicious.

16. The acts complained of by the plaintiffs were provoked by the decedent in that the decedent failed to comply with the lawful orders of law enforcement.

17. Any recovery on the plaintiffs' FAC, or any purported claim or cause of action alleged therein, is barred in whole or in part by the decedent's own conduct which violated numerous provisions of the California Penal Code and, as such, was negligent per se.

18. In doing the acts alleged in plaintiffs' FAC, officers were acting in self-defense, defense of others, to prevent escape, or to overcome resistance.

19. Plaintiffs' action is barred by the doctrines of res judicata and/or collateral estoppel.

20. The plaintiffs and/or plaintiffs' decedent consented to the acts and

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

conduct of the Fountain Valley Police Department officers involved in the subject incident.

21.    Plaintiffs' claims are barred by superseding or intervening causes.

22.    Any recovery on the plaintiffs' FAC, or any purported claim or cause of action alleged therein, is barred in whole or in part by the plaintiffs' failure to mitigate their damages.

23.    Plaintiffs' action is barred by the applicable statute of limitations.

24.    The conduct of officers at the time of the incidents and events referred to in the FAC was privileged under California law.

25.    Plaintiffs' action is barred by the doctrines of waiver, laches, estoppel and unclean hands.

These answering defendants reserve the right to amend this Answer to include additional affirmative defenses that may become known.

Wherefore, these answering defendants pray for relief as follows:

1. That plaintiffs take nothing by their FAC herein;

2. That these answering defendants recover the costs of suit incurred herein.

3. That these answering defendants recover their reasonable attorney's fees incurred herein.

4. That the Court award such other and further relief as it deems just and proper.

DATED: April 6, 2026            CARPENTER, ROTHANS & DUMONT

                                By:    /s/ Scott J. Carpenter
                                       Mark D. Rutter, Esq.
                                       Scott J. Carpenter, Esq.
                                       Attorneys for Defendants,
                                       City of Fountain Valley and Officer Osario

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

## **DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1, these answering defendants hereby demand a jury trial as provided in Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: April 6, 2026   CARPENTER, ROTHANS & DUMONT

        By: */s/ Scott J. Carpenter*
          Mark D. Rutter, Esq.
          Scott J. Carpenter, Esq.
          Attorneys for Defendants,
          City of Fountain Valley and Officer Osario

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT